IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-419-GMS |
| | ) |
| HEALTH ADMINISTRATION, | ) |
| WARDEN RAFAEL WILLIAMS, | ) |
| and COMMISSIONER STAN | ) |
| TAYLOR, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff Charles Morgan ("Morgan"), an inmate at Howard R. Young Correctional Institutional, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.    THE COMPLAINT**

Morgan filed his complaint in May 2005, and brings the action against the Health Administration, Warden Rafael Williams ("Warden Williams"), and Commissioner Stan Taylor ("Commissioner Taylor"). He alleges that on November 2, 2004, he was given hydrocortisone ointment for a rash on his arms. He alleges that the rash has spread to his arms and back, and that his skin itches and bleeds. He seeks compensatory and punitive damages.

**II.    STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A

provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ANALYSIS

#### A. Medical Care

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by

"intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

### B. Pleading Deficiency

In the caption of the complaint and in the listing of parties, Morgan names the Health Administration, Warden Williams, and Commissioner Taylor are listed as defendants, but the complaint fails to make any allegations against them. A civil rights complaint is adequate where it states the conduct, time, place, and persons responsible. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir.1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Initially, the court notes that the Health Administration is not "a person" within the meaning of § 1983. *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973); *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). Also, as is apparent from their titles, Warden Williams and Commissioner Taylor hold supervisory positions, but it is well established that supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

"'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through

allegations that a defendant directed, had actual knowledge or acquiesced in, the deprivation of a plaintiff's constitutional rights. *Id.; see Monell v. Department of Social Services* 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. *Sample v. Diecks,* 885 F.2d 1099, 1117-118 (3d Cir. 1989); *see also City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, No. 04-1786, 128 Fed.Appx. 240 (3d. Cir. 2005).

In the present case, Morgan does not associate any of his allegations with any of the defendants. Hence, it is not clear which defendants, if any, were personally involved or had any supervisory liability for the alleged constitutional deprivations.

Based upon the foregoing, the claims are dismissed for failure to state a claim upon which relief may be granted. Morgan, however, is given leave to amend the complaint.

## IV.   CONCLUSION

Based upon the foregoing analysis, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Morgan is given leave to amend his complaint. An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

March 30, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES MORGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-419-GMS |
| | ) |
| HEALTH ADMINISTRATION, | ) |
| WARDEN RAFAEL WILLIAMS, | ) |
| and COMMISSIONER STAN | ) |
| TAYLOR, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 30th day of March, 2006, for the reasons set forth in the Memorandum issued this date,

1. The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. Plaintiff is given leave to amend the complaint. The amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the time allowed, then the case will be closed.

_____
UNITED STATES DISTRICT JUDGE